UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM A. REX, | ) |
|     Plaintiff, | ) No. CV-08-380-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT<br>) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | )<br>)<br>) |
|     Defendant. | )<br>) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on September 4, 2009. (Ct. Rec. 17, 20.) Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Terrye E. Shea represents the Commissioner of Social Security. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) Plaintiff filed a reply on August 25, 2009. (Ct. Rec. 22.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 20) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 17).

**JURISDICTION**

Plaintiff protectively filed his first application for supplemental security income (SSI) benefits in May of 2001, alleging onset as of September 9, 2000, due to Marfan syndrome, foot and back pain, and breathing problems. (Tr. 100-102, 108.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                           - 1 -

The application was denied initially and plaintiff did not seek reconsideration. (Tr. 22, 38-41.)

Plaintiff protectively filed his current application on March 3, 2003, alleging disability onset as of January 30, 1998, due to Marfan's syndrome, pain in his feet and back, and scoliosis. (Tr. 103-106, 137.) The application was denied initially and after reconsideration. (Tr. 42-45, 48-50.) Administrative Law Judge (ALJ) Paul Gaughen held a hearing March 17, 2005. Plaintiff, represented by counsel, plaintiff's spouse, and vocational expert Daniel R. McKinney testified. (Tr. 366-397.) The ALJ held a supplemental hearing on November 29, 2005. In addition to plaintiff and his spouse, medical expert Allen D. Bostwick, Ph.D., and vocational expert Deborah N. Lapoint testified. (Tr. 400-428.) On March 7, 2006, the ALJ issued an unfavorable decision. (Tr. 19-32.) The Appeals Council received additional evidence[1] and denied review on August 22, 2006. (Tr. 6-8.) Plaintiff filed a complaint in case number 06-cv-255-CI. On July 26, 2007, the court granted plaintiff's motion to reverse and remanded the case to the ALJ to consider the new evidence. (Tr. 483-500.) The court affirmed the ALJ's finding plaintiff does not suffer from a severe mental impairment (Tr. 491-493). The ALJ notes in the present appeal mental impairment is therefore not at issue. (Tr. 477.)

The ALJ conducted a hearing after remand on February 20,

---

[1] a June 27, 2006 letter from treating physician Daniel Stoop, M.D., opining plaintiff's impairments are medically equivalent to Listings 1.04 (spinal disorders) and 14.09 (inflammatory arthritis) since December 4, 2001. (Tr. 5,9, 361-363.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 2 -

2008. Three witnesses testified: plaintiff, medical expert Walter W. Doren, M.D., and VE Ms. Lapoint. (Tr. 566-596.) On April 17, 2008, the ALJ issued a decision finding plaintiff is not disabled. (Tr. 470-481.)  The Appeals Council denied review on October 27, 2008. (Tr. 429-432.)  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on December 10, 2008. (Ct. Rec. 2,4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decisions, the briefs of both Plaintiff and the Commissioner, and are briefly summarized here.

Plaintiff was 23 years old when he filed the present application and 28 when the ALJ found him not disabled in 2008. (Tr. 32, 103, 369.) He has a sixth, seventh, or eighth grade home-schooled education. (Tr. 143, 475, 370.)  Plaintiff last worked as a construction worker in 1998 or 1999 for six months.  (Tr. 109, 138, 292, 371-372, 418.) At the hearing November 29, 2005, plaintiff testified he is married with two children. (Tr. 369-370.) At the hearing November 29, 2005, plaintiff testified he suffers pain from the back of his head to below his spine daily. (Tr. 373.)  Two or three times a month, plaintiff experiences numbness in his toes and fingers lasting an hour or two. (Tr. 374.) He can sit for an hour, stand 15-30 minutes, walk a couple of blocks, and lift five pounds. (Tr. 376-377.) Plaintiff has sleep problems about half the time, and problems breathing and

bending. (Tr. 379-380, 385, 418-419.) He drives for up to an hour (Tr. 379) and watches movies and television. (Tr. 381.) At the supplemental hearing on November 29, 2005, plaintiff testified he plays with his children, ages two and six months (Tr. 415) but cannot lift them. (Tr. 419.) He attends church but does not sit the entire service. (Tr. 419-420.) Occasionally he takes out the garbage (Tr. 419). Between July and November of 2005, plaintiff experienced nonstop pain. (Tr. 414.)

At the current hearing February 20, 2008 (slightly more than two years since the last hearing), plaintiff testified his symptoms were worse. (Tr. 586.) He has problems walking, his right shoulder is higher than the left, and his back hurts all the time. (Tr. 586-587.) Plaintiff can sit 30-45 minutes, stand 20 minutes, walk "maybe" two blocks and lift ten pounds. (Tr. 587-588.) He is unable to bend over and sleep is poor. (Tr. 588=589.) Medications help but do not eliminate pain. (Tr. 589.) At the end of 2007, plaintiff worked at his father's wrecking yard for two to four weeks helping customers. (Tr. 589-591.) He did not remember the last time he smoked marijuana. (Tr. 591-592.)

///

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The

Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold

the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

(9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since the application date of March 3, 2003. (Tr. 472.)  At step two, the ALJ found that plaintiff suffers from a combination of severe impairments: mild changes of the inferior sacroiliac joints, bilaterally, with some superior and inferior endplate irregularity from L2 through L5-S1, likely representing Schmorl's nodes[2], with mild degenerative changes, and upper thoracic scoliosis. (Tr. 472.)  At step three, the ALJ found plaintiff's impairments do not alone or in combination meet or medically equal a Listing impairment.  (Tr. 477-478.)  The ALJ

---

[2] Scmorl's nodes are a protrusion of intervertebral disc material through a break in the subchondral bone plate, with displacement of this material into the vertebral body, leading to an abnormal contour of the spine on radiographs. Schmorl's nodes, which are also termed cartilaginous nodes, may occur in numerous conditions. They may result from any disease or condition that leads to weakening of the cartilaginous endplate or subchondral bone of the vertebral body.
Medcyclopedia.com

found plaintiff less than completely credible based on his past and current testimony and other factors. (Tr. 29, 478-479.) At step four, the ALJ found plaintiff has no past relevant work. (Tr. 480.) At step five, relying on the VE, the ALJ found plaintiff can work as a housekeeping cleaner, agricultural produce sorter, and cafeteria attendant. (Tr. 480-481.)  Because the ALJ found plaintiff could perform work, he was found not disabled at step five.  Accordingly, the ALJ found that plaintiff is not disabled as defined by the Social Security Act. (Tr. 481.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law when he weighed the medical evidence and assessed plaintiff's RFC. (Ct. Rec. 18 at 12-16.)  The Commissioner responds that the ALJ performed both tasks appropriately and asks the Court to affirm his decision.  (Ct. Rec. 21 at 8,15.)

**DISCUSSION**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight

because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

A. <u>Step three Listing equivalency</u>

Plaintiff contends that the ALJ failed to properly credit the June 27, 2006, opinion of treating physician Dr. Stoop that

plaintiff's impairments are medically equivalent to Listing 1.04 (spinal disorders) and 14.09 (inflammatory arthritis). (Ct. Rec. 18 at 12-15, referring to Tr. 362-363.) The Commissioner responds that the ALJ gave specific and legitimate reasons for discrediting some of Dr. Stoop's opinions, including his finding of Listing equivalency. (Ct. Rec. 21 at 8-15.)

Dr. Stoop began treating plaintiff in December of 2001. (Tr. 362.) The ALJ entered his previous adverse decision on March 7, 2006 (Tr. 22-32). About three months later (June 27, 2006), Dr. Stoop opined plaintiff's impairments are medically equivalent to Listings 1.04 and 14.09. (Tr. 363-363.)  With respect to the relevant clinical findings on which his opinion is based, Dr. Stoop indicates: (1) X-rays show mild degenerative changes of the inferior sacroiliac joints, bilaterally; (2) Endplate irregularities from L2 to L5-S1 likely representing schmorl's nodes with mild degenerative changes; (3) X-rays indicate Mr. Rex has 'straight back syndrome' with a reversal of the dorsal kyphosis and a very narrow A.P. chest diameter. There is scoliosis with an upper thoracic curve toward the right and curving back to the left above the T3-4; and (4) On examination, Mr. Rex has continually had lower paraspinal muscle tenderness. On occasion, he has had muscle spasm in his the lower spine. He has consistently had moderately reduced flexion and rotation and severely reduced extension. He has had tenderness of other joints. Mr. Rex has consistently complained of significant pain and stiffness through the spine and other joints since I began seeing him on December 4, 2001. (Tr. 362.)

Last, Dr. Stoop opined: Mr. Rex has also been diagnosed with

chronic obstructive pulmonary disease (COPD) with moderate respiratory symptoms. X-rays of his lungs reveal emphysematic changes. (Tr. 363.)

The court observes at the outset that a plaintiff does not meet the good cause requirement for a remand "merely by obtaining a more favorable report once his or her claim has been denied." *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001). Plaintiff fails to provide sufficient (indeed any) justification for his failure to gather this evidence earlier. The court nonetheless considers plaintiff's argument.

Listing 1.04 requires, among several conditions, compromise of a nerve root or the spinal cord. (20 C.F.R. § 404, subpart P, appendix 1, 1.04) Listing 14.09 requires an inability to ambulate effectively or perform fine or gross motor movements effectively. (20 C.F.R. § 404, subpart P, appendix 1, 14.09 A and B.)

The ALJ rejects Dr. Stoop's equivalency opinion for several reasons. It is unsupported by objective evidence, including no evidence of neural spinal compromise, as required by Listing 1.04. Serologic test results essentially rule out an inflammatory arthritic condition as defined in Listing 14.09. (Tr. 473.) This evidence was provided by the ME's testimony.

The ALJ observes the equivalency opinion is contradicted by Dr. Stoop's own clinic notes, which show no problems with gait or station (as required by Listing 14.09; motor skills not at issue). Dr. Stoop, the ALJ notes, never diagnosed or referred to inflammatory arthritis until his 2006 equivalency opinion. (Tr. 473.)

The ALJ rejected Dr. Stoop's opinion because it is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 12 -

contradicted by examining neurologist William Bozarth, M.D.'s May of 2005 opinion plaintiff is able to perform light to medium work. Dr. Bozarth examined plaintiff and reviewed his medical records. (Tr. 474, referring to Tr. 301, 312.) The ALJ observes it is also contradicted by the opinions of agency reviewing physician Robert Blee, M.D. in August of 2006, and of the testifying medical expert, Dr. Doren. (Tr. 473-474, referring to Tr. 10-11,Tr. 472-475, 569-585.)

With respect to COPD, the ALJ points out in 2001 pulmonary specialist Todd Green, M.D., observed after plaintiff used a bronchodilator for one month, his exercise tolerance increased and coughing and wheezing stopped, despite continued smoking. (Tr. 474-475, referring to Tr. 201.)  In 2005, Dr. Bozarth noted plaintiff had not taken advair or anything for breathing problems since 2001. (Tr. 307.)

The ALJ is correct that the medical evidence does not support Dr. Stoop's equivalency opinion. (Tr. 473.) The ALJ's reasons for rejecting Dr. Stoop's contradicted step three opinion are specific, legitimate and supported by substantial evidence. *See e.g., Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Plaintiff also fails to meet his burden of establishing Listing equivalency.

B. <u>RFC assessment</u>

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible.  (Tr. 478-480.)  Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's

subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9 Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9 Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9 Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9 Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9 Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9 Cir. 1993).

The ALJ relied on several factors when he assessed credibility. (1) Plaintiff's testimony as to his limitations in sitting, standing and lifting are contradicted by his self-reports that he could sit 6 hours and walk or stand one hour (Tr. 124-128); occasionally carry 40 pounds and walk, sit or stand one hour (Tr. 131-135)(June 5, 2001 and February 23, 2002, respectively). (2) No medical signs or laboratory findings support plaintiff's allegedly severe limitations. The ALJ notes examining Dr. Bozarth's 2005 opinion, after exam and records review, plaintiff is capable of light to medium work. (3) Examining psychologist Thomas McKnight, Ph.D., opined in May of 2005 plaintiff's effort

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 14 -

on standardized testing was "suspect," as was his motivation for employment. (Tr. 479, referring to Tr. 290-296, 300-312.)

The ALJ also incorporated his prior credibility determination, finding plaintiff's current testimony "only reflects a subjective worsening of his alleged infirmities and does not change in any materially way" the prior determination of plaintiff's veracity. (Tr. 479, incorporating Tr. 29.)

Although not specifically relied on by the ALJ, plaintiff's activities during the relevant period have included chopping firewood for kindling using a hatchet and hammer in winter of 2004 and into 2005 (Tr. 308; noted by the ALJ at Tr. 473); working part-time at his father's wrecking yard in 2001 (Tr. 224); grime observed under plaintiff's nails as if he had worked on machinery (Tr. 293 McKnight); light callusing noted on both hands and grime (Tr. 311 Bozarth); plaintiff noticed strain while working on his car several days ago (Tr. 331, dated April 7, 2005); and working for pay at his father's business for 2 to 4 weeks in 2007 (Tr. 540).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

Plaintiff's activities indicate a level of physical ability inconsistent with allegedly disabling pain, further diminishing his credibility.

The ALJ is responsible for reviewing the evidence and

resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's assessment of the contradicted opinion of treating physician Dr. Stoop, of the medical and other evidence, including plaintiff's credibility, is supported by the record and free of legal error. The ALJ's reasons are specific, legitimate and supported by the record.

Plaintiff argues the ALJ erred by failing to include a sit/stand option in the RFC, an option the ME discussed. (Ct. Rec. 18 at 13, referring to Tr. 585.)

At the hearing, Dr. Doren was asked if plaintiff would need to alternate sitting and standing, depending on his symptoms. He responded:

"I can't relate the objective findings to that need." He later stated such an option "could be included in the RFC." (Tr. 585.)

The court is also unable to relate the objective findings to a need for alternating sitting and standing. And, as the Commissioner observes, Dr. Doren's statement is at most a non-binding recommendation. (Ct. Rec. 21 at 18.) The ALJ did not err by omitting a sit/stand option from the RFC.

The ALJ's RFC assessment is without error and fully supported

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 16 -

by the record.

## C. <u>Referral for further evaluation</u>

Plaintiff argues the ALJ erred by failing to credit the ME's opinion that an orthopedic evaluation should be made. (Ct. Rec. 18 at 12-13.) In the Commissioner's view, Dr. Doren's testimony indicates such decisions are best made by the treating physician. (Ct. Rec. 21 at 17-18.)

Dr. Doren's opinion is not as clear as plaintiff alleges. The ME noted plaintiff had CT scans, MRI and x-rays performed, but the objective findings and longstanding subjective complaints were not striking and had not revealed significant abnormalities (Tr. 584), indicating further evaluation was unnecessary. At another point, Dr. Doren testified he thought it worthwhile to rule out metastatic process, observing plaintiff's symptoms had continued -- indicating further evaluation would be worthwhile. (Tr. 584.) He noted an orthopedic evaluation would "have to be generated through Dr. Stoop" and an MRI would be "generated by an orthopedist." (Id.)

Dr. Doren's opinion is premised in part on plaintiff's "continued symptoms," symptoms (as noted) properly discredited by the ALJ. An ALJ may reject any doctor's opinion premised on a claimant's properly discredited complaints. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216-1217 (9th Cir. 2005).

The ALJ did not err by failing to refer plaintiff for an orthopedic evaluation as the evidence was sufficient for determination and he could properly reject an opinion like Dr. Doren's based in part on discredited complaints.

**CONCLUSION**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 17 -

1   Having reviewed the record and the ALJ's conclusions, the
2 court finds the ALJ's decision is free of legal error and
3 supported by substantial evidence.
4   **IT IS ORDERED:**
5   1. Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is
6 **GRANTED.**
7   2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is
8 **DENIED.**
9   The District Court Executive is directed to file this Order,
10 provide copies to counsel for plaintiff and defendant, enter
11 judgment in favor of defendant, and **CLOSE** this file.
12   DATED this 5th day of October, 2009.

                               s/ James P. Hutton
                              JAMES P. HUTTON
                         UNITED STATES MAGISTRATE JUDGE